```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
CELIA HINSON,
on behalf of herself and other similarly situated in the
proposed FLSA Collective Action,                                          REPORT AND
                                                                          RECOMMENDATION
                                    Plaintiff,
                                                                          23-CV-2395
            -against-                                                     (Irizarry, J.)
                                                                          (Marutollo, M.J.)
TAMMYS NAIL UTOPIA LLC, TAMARA
OLLIVIERRE,

                                    Defendants.
----------------------------------------------------------------------x
```

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Plaintiff Celia Hinson commenced this action on March 28, 2023, alleging that her former employer, Tammys Nail Utopia LLC ("Tammys Nail" or "Corporate Defendant"), and its owner and operator Tamara Ollivierre ("Defendant Ollivierre") (collectively, "Defendants") failed to pay her at the applicable minimum wage for work performed in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL") §§ 650 *et seq.*; failed to pay her overtime wages in violation of FLSA §§ 201 *et seq.* and the NYLL; failed to provide her with appropriate written notices in violation of NYLL § 195(1); failed to provide her with appropriate wage statements in violation of NYLL § 195(3); and failed to pay her additional compensation of one hour's pay at the basic minimum hourly wage for each day during which her shifts spread over more than ten (10) hours in violation of NYLL §§ 650 *et seq. See generally* Dkt. No. 1 ("Compl.").

Currently pending before this Court, on a referral from the Honorable Dora L. Irizarry, United States District Judge, is Plaintiff's Motion for Default Judgment.[1]  Dkt. No. 12; *see also* June 1, 2023 Referral Order.

For the reasons set forth below, the undersigned respectfully recommends that the district judge deny Plaintiff's Motion for Default Judgment without prejudice, and with leave to renew the filing upon curing the deficiencies detailed herein.

I. **Background**

   A. **Factual Allegations**

The following facts are taken from the Complaint, Plaintiff's Motion for Default Judgment, and the attachments filed in support of Plaintiff's Motion for Default Judgment; the facts are assumed to be true for the purposes of this motion. *See Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV) (MMH), 2023 WL 6338666, at *1 (E.D.N.Y. Sept. 29, 2023) (citing *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 188 (2d Cir. 2015)).

Defendant Tammys Nail is a nail salon; it is a domestic limited liability company organized and existing under the laws of the State of New York.  Compl. ¶¶ 6, 9.  Tammys Nail maintains a principal place of business at 3224 Church Ave, Brooklyn, NY 11203.  *Id.*  Defendant Ollivierre owns and operates Tammys Nail and a bar known as "Hidden Gem Getaway" ("Hidden Gem").[2] *Id.* ¶¶ 16, 20.  At all relevant times, Tammys Nail had "employees engaged in commerce or in the production of goods for commerce" and had and continues to have an annual gross sales volume

---

[1] The referral was made to then-United States Magistrate Judge Ramon E. Reyes, Jr.  Upon Judge Reyes's appointment as a United States District Judge, the matter was re-assigned to the undersigned.  *See* Nov. 9, 2023 Dkt. Entry.

[2] While Plaintiff alleges that she was employed at both Tammys Nail and Hidden Gem (Compl. ¶ 6), the Court notes that Hidden Gem has not been named in the Complaint and has not been served with process; therefore, it is not a party to this case.

2

of "not less than $500,000.00." *Id.* ¶ 10.  Plaintiff was employed at both Tammys Nail and Hidden Gem.  *Id.* ¶¶ 7, 24-25, 34.

Defendants employed Plaintiff from approximately September 15, 2022 to, through and including, December 2022.  *Id.* ¶ 34.  Defendants "possessed substantial control over Plaintiff's … working conditions, and over the policies and practices with respect to [her] employment and compensation[.]"  *Id*. ¶ 23.  Specifically, Defendant Ollivierre "determined the wages and compensation of [Tammys Nail] employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees." *Id*. ¶ 18.

At issue in the Complaint is Plaintiff's compensation during her time as Defendants' employee.  From approximately September 15, 2022 to and through December 2022, Plaintiff allegedly worked at Tammys Nail five days per week—from 10:00 a.m. to 8:00 p.m.—totaling 10 hours per day.  *Id*. ¶ 34.  During the same period, Plaintiff also allegedly worked seven nights per week—from 8:00 p.m. to 3:00 a.m. or 5:00 a.m.—totaling 7 to 9 hours per day.  *Id*. ¶ 34.

Plaintiff alleges that she was paid a flat salary of "approximately $400 per week" throughout the course of her employment, without regard to how many hours she worked.  *Id*. ¶¶ 35-36.  Plaintiff further alleges that she never received an overtime premium of one and one-half times her regular wage for hours worked in excess of 40 hours per week.  *Id*. ¶ 37.

Plaintiff further alleges that Defendants failed to provide her with any notice with respect to her wages, either in the form of a time-of-hire wage notice, an annual wage notice, or a poster displaying state and federal wage-and-hour requirements.  *Id*. ¶¶ 39-42.  Plaintiff asserts that Defendant's failure to provide accurate wage notices and accurate wage statements denied Plaintiff "her statutory right to receive" pertinent information regarding her "employment and related

3

compensation policies." *Id.* ¶ 42. Plaintiff further asserts that the breach of these obligations resulted in "the underpayment of wages averred" in the Complaint. *Id.* ¶ 43.

**B.     Procedural History**

Plaintiff filed the Complaint on March 28, 2023. *See* Dkt. No. 1. On March 31, 2023, the Clerk of Court issued summonses for all Defendants. Dkt. No. 5. Plaintiff properly served Defendant Ollivierre on April 4, 2023. Dkt. No. 8. Defendant Ollivierre's answer was due on April 25, 2023. *Id.* Plaintiff properly served the Corporate Defendant through delivery to an authorized agent at the Office of the Secretary of State of the State of New York on April 6, 2023. Dkt. No. 9. The Corporate Defendant's answer was due on April 27, 2023. *Id.* No answers or responses have been interposed by the Defendants.

On April 28, 2023, Plaintiff filed a request for certificate of default. Dkt. No. 10. On May 4, 2023, the Clerk of Court entered a default noting that Defendants have "failed to appear or otherwise defend this action." Dkt. No. 11. On May 17, 2023, the Honorable Ramon E. Reyes, Jr., then-United States Magistrate Judge, ordered Plaintiff to move for default judgment "on or before May 31, 2023." *See* Electronic Order dated May 17, 2023.

On May 31, 2023, Plaintiff filed a Motion for Default Judgment. Also on May 31, 2023, Plaintiff filed a Memorandum of Law (Dkt. No. 13) and supporting affidavits and exhibits (Dkt. Nos. 14-15). On November 9, 2023, this case was reassigned to the undersigned. *See* Docket Entry dated November 13, 2023.

**II.    Standard of Review**

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). At the first step, the Clerk of Court enters a party's default after an affidavit or other evidence shows that the

4

"party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); *see Esquivel*, 2023 WL 6338666, at *3 ("when a party uses an affidavit or other proof to show that a party has 'failed to plead or otherwise defend' against an action, the clerk shall enter a default." (citing Fed. R. Civ. P. 55(a)). "If a claim is for 'a sum certain or a sum that can be made certain by computation,' the clerk can enter judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(1)).

At the second step, and "[i]n all other cases, the party must apply to the court for a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). To "enter or effectuate judgment" the Court is empowered to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The Second Circuit "generally disfavor[s]" default judgment and has repeatedly expressed a "preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Nevertheless, in evaluating a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). A plaintiff bears the burden of alleging "specific facts," rather than "mere labels and conclusions" or a "formulaic recitation of the elements," so that a court may infer a defendant's liability. *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015)).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Esquivel*, 2023 WL 6338666, at *3 (quoting *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established." *Chen v. Oceanica Chinese Rest., Inc.,* No. 13-CV-4623 (NGG) (PK), 2023 WL 2583856, at *7 (E.D.N.Y. Mar. 21, 2023) (quotations and citation omitted).

### III. Discussion

Where the moving party is represented by counsel, a motion for default judgment will not be granted "unless the party making that motion adheres to certain local and individual rules." *Innovative Sports Mgmt., Inc. v. Triangle Eatery & Bar, LLC*, No. 21-CV-6809 (AMD) (RER), 2022 WL 18151927, at *7 (E.D.N.Y. Dec. 14, 2022), *report and recommendation adopted*, 2023 WL 130835 (Jan. 3, 2023) (citing *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N. Y Nov. 24, 2015)); *see also Contino v. U.S.*, 535 F.3d 124, 126 (2d. Cir. 2008) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."); *Fin. Servs. Vehicle Tr. v. Osmanaj*, No. 22-CV-7491 (RPK) (CLP), 2023 WL 7000935, at *2 (E.D.N.Y. Aug. 15, 2023) (same). Failure to comply with Local Rules frequently results in denial of motions for default judgment. *See e.g., United States v. Hamilton*, No. 18-CV-2011 (ADS) (SIL), 2019 WL 6830318, at *3 (E.D.N.Y. Nov. 26, 2019) (denying a default judgment motion for failure to provide proof that the motion was properly mailed to defendants), *report and recommendation adopted*, 2019 WL 6828276 (E.D.N.Y. Dec. 13, 2019).

Motions filed in the Eastern District of New York must comply with Local Civil Rule 55.2(c). *Liberty Mut. Fire Ins. Co. v. CitiMortgage, Inc.*, No. 20-CV-5839 (EK) (RER), 2023 WL 5310583, at *1 (E.D.N.Y. May 3, 2023), *report and recommendation adopted*, 2023 WL 5310901 (E.D.N.Y. Aug. 17, 2023). Local Civil Rule 55.2(c) states:

> Unless otherwise ordered by the Court, all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b) above shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual). Proof of such mailing shall be filed with the Court. If the mailing is returned, a supplemental affidavit shall be filed with the Court setting forth that fact, together with the reason provided for return, if any.

In this respect, Local Civil Rule 55.2(c) supplements the default judgment procedure set forth by Federal Rule of Civil Procedure 55(b). *See Transatlantic Auto Group, Inc. v. Unitrans-Pra Co.*, No. 09-CV-5070 (DLI) (CLP), 2011 WL 4543877, at *20 (E.D.N.Y. Sept 9, 2011) ("experience has shown that mailing notice of such an application is conducive both to fairness and efficiency"), *report and recommendation adopted*, 2011 WL 4543838 (Sept. 29, 2011)*; see also* Committee Note, Loc. Civ. R. 55.2 (same).

To that end, "failure to comply with Local Rule 55.2(c) warrants denial of the motion for default judgment." *Allstate Ins. Co. v. Abramov*, 16-CV-1465 (AMD) (SJB), 2019 WL 1177854, at *3 (E.D.N.Y. Feb. 21, 2019), *report and recommendation adopted*, 2019 WL 1172381 (E.D.N.Y. Mar. 13, 2019) (citing *Lin v. Quality Woods, Inc.*, No. 17-CV-3043 (DLI) (SJB), 2019 WL 1450746 (E.D.N.Y. Jan. 28, 2019)). Indeed, courts in the Eastern and Southern Districts of New York regularly deny such motions when strict procedural compliance is lacking. *See, e.g.*, *Vasquez v. Lahori Kebab & Grill Corp.*, 18-CV-2117 (JS) (SIL), 2019 WL 4396724, at *3 (E.D.N.Y. Aug. 13, 2019), *report and recommendation adopted*, 2019 WL 4620922 (E.D.N.Y. Sept. 5, 2019) (denying motion for default judgment as to the defendants that were not listed on

7

the declaration of service); *Saheed v. Parker*, 17-CV-6151, 2019 WL 1324026, at *3 (S.D.N.Y. Mar. 25, 2019) (denying motion for default judgment where "the docket [did not] reflect an affidavit of service demonstrating that Plaintiff's motion and supporting papers were mailed to Defendant"); *Allstate Ins. Co.*, 2019 WL 1177854, at *5 (denying motion for default judgment in its entirety where ten of the twenty-five defaulting defendants were improperly served with the motion).

Here, Plaintiff's Motion for Default Judgment fails to comply with Local Civil Rule 55.2(c) because Plaintiff failed to mail the Motion to the last known residence of Defendant Ollivierre. Instead, Plaintiff's Motion for Default Judgment and accompanying papers were mailed to Defendant Ollivierre's business address at 3324 Church Avenue, Brooklyn, NY 11203. *See* Aff. of Service, Dkt. No. 14-7; *cf.* Compl. ¶ 9 ("Defendant Tammys Nail Utopia LLC . . . maintains a principal place of business at 3324 Church Ave, Brooklyn, NY 11203.").[3] Since "Local Rule 55.2 is strictly construed, [] failure to comply with the rule is alone a basis to deny the motion for default judgment." *Santacruz v. Blok Chocolatier LLC*, No. 19-CV-544 (EK) (SJB), 2021 WL 4341103, at *2 (E.D.N.Y. June 23, 2021), *report and recommendation adopted*, 2021 WL 4340963 (E.D.N.Y. Sept. 23, 2021); *see also BASF Corp. v. Original Fender Mender, Inc.*, No. 23-CV-2796 (HG) (JAM), 2023 WL 8853704 (E.D.N.Y. Dec. 22, 2023) (recommending denial of motion for default judgment for failure to comply with Local Civil Rule 55.2(b)), *report and recommendation adopted*, Jan. 9, 2024 Dkt. Order; *Diaz v. Rene French Cleaners, Inc.*, No 20-CV-3848 (RRM) (RER), 2022 WL 4646866, at *3–4 (E.D.N.Y. Aug. 29, 2022) (denying the motion for default judgment where the motion papers were mailed to an individual's business

---

[3] The Court also notes that the Complaint makes no reference to Defendant Tamara Ollivierre's last known residence. While personal jurisdiction may not be at issue in light of the allegations that Defendant Ollivierre is "an owner, officer, and/or agent of the Corporate Defendant" (Compl. ¶ 16), the Court is left with the impression that Plaintiff has not been able to ascertain Defendant's last known residence.

address, instead of their personal residence), *report and recommendation adopted*, 2022 WL 4662247 (Sept. 30, 2022); *Dixon v. Int'l Unified Workforce*, No. 18-CV-7191 (LDH) (SJB), WL 6140054 (E.D.N.Y. Sept. 1, 2020) (denying motion for default judgment in part because the plaintiff failed to mail motion papers to a defendant's last known business address); *Allstate Ins. Co.*, 2019 WL 1177854, at *3 (E.D.N.Y. Feb 21, 2019) (denying motion for default judgment in part because the plaintiff failed to mail motion papers to a defendant's last known business address); *Augustin v. Apex Fin. Mgmt.*, No. 14-CV-182 (CBA) (VMS), 2015 WL 5657368, at *3 (E.D.N.Y. July 27, 2015) ("denying the motion for default judgment in part because it was not clear whether motion papers were mailed to a corporate defendant's last known business address"), *report and recommendation adopted*, 2015 WL 7430008 (Nov. 23, 2015).

While mailing to an individual's business address may be an acceptable method for service of process on Defendant Ollivierre, it is not a permitted method for serving a default judgment motion. *Liberty Mut. Fire Ins. Co.* 2023 WL 5310583, at *2; *see also Feng Lin*, 2019 WL 1450746, at *7 ("As for the Individual Defendants, Local Rule 55.2(c) requires a motion for default judgment and supporting papers to be 'mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual)[.]' Loc. Civ. R. 55.2(c). The motion was mailed to 1340 Metropolitan Avenue, which is clearly a business address, not their residential address. Again, failure to comply with local rules warrants denial of the motion for default judgment"). Rather, Rule 55.2(c) requires that a motion for default judgment and accompanying papers be served on an individual defendant at "the last known *residence* of such party." *See* LOC. CIV. R. 55.2(c) (emphasis added); *see also Allstate Ins. Co. v. Abramov*, No. 16-CV-1465 (AMD) (SJB), 2019 WL 1177854, at *3 (E.D.N.Y. Feb. 21, 2019) ("While service of the Complaint at a business address is sufficient for an individual defendant, when the plaintiff

9

seeks default against that individual, the motion for default judgment must be served at the person's last known residence."), *report and recommendation adopted*, 2019 WL 1172381 (Mar. 13, 2019).

"As harsh at it may seem," courts in this district "have repeatedly" denied motions for default judgment based on a movant's failure to adhere to Local Civil Rule 55.2. *Lugo v. Allstate Ins. Co.*, No. 19-CV-7150 (JMA) (JMW), 2022 WL 3928727, at *5 (E.D.N.Y. Aug. 10, 2022) (recommending plaintiff's motion for default judgment be denied where "notably absent from Plaintiff's motion [was] the Clerk's certificate of default, a copy of the Complaint, and a proposed form of default judgment"), *report and recommendation adopted*, 2022 WL 3914981 (E.D.N.Y. Aug. 31, 2022); *Gordon v. APS Contractors Inc.*, No. 21-CV-00259 (WFK) (JRC), 2023 WL 2574740, at *4 (E.D.N.Y. Mar. 20, 2023) ("Plaintiffs [] failed to file proof of service of the second motion for default judgment on defendant [] or to otherwise indicate that the second motion had been mailed to [Defendant]. That failure alone warrants denial of the instant motion for default judgment."). Because Plaintiff has failed to mail the motion papers to Defendant Ollivierre's last known residence, the Motion does not comply with Local Rule 55.2(c).

Consequently, Plaintiff's motion for default judgment is deficient on its face and should be denied. *See, e.g.*, *Yoon v. Toothsavers Dental Lab'y, Inc.*, No. 19-CV-2283 (ERK) (VMS), 2020 WL 13580466, at *8 (E.D.N.Y. June 22, 2020) (recommending denial of default judgment motion where plaintiff's submission in support of motion for default judgment did not include "a copy of the Clerk's certificate of default, a copy of the complaint, or a proposed form of default judgment"), *report and recommendation adopted*, July 27, 2020 Dkt. Order; *Apex Moptedar. Co. v. Furniture, Inc.*, No. 11-CV-5365 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012) (denying default judgment for, *inter alia*, plaintiff's failure to submit copy of certificate of default).

Finally, Plaintiff has not presented any extenuating circumstance that may justify her failure to properly mail the motion pursuant to Local Civil Rule 55.2(c). *Cf. Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18-CV-5624 (ARR) (VMS), 2020 WL 6370178, at *8 (E.D.N.Y. Aug. 11, 2020), *report and recommendation adopted*, 2020 WL 5105063 (Aug. 31, 2020) ("excusing strict compliance with Local Civil Rule 55.2(c) where the defendants were aware of the relief sought against them"). Here, there is no indication that the defaulting defendant, Tamara Ollivierre, has actual notice of the motion or of the relief sought against her. This is problematic because "it is important that individuals be given notice that a party is asking the Court to enter a default judgment against them." *Miss-Jones, LLC v. Viera*, No. 18-CV-1398 (NGG) (SJB), 2019 WL 926670, at *4 (E.D.N.Y. Feb. 5, 2019), *report and recommendation adopted*, 2019 WL 955279 (Feb. 26, 2019). "The Eastern District has determined that the best way to ensure such notice is provided is to require that a motion be served." *Id.* The Court must be certain that defaulting defendants have received notice of the motion. *See Reyes-Fana v. Moca Grocery N.Y. Corp.*, No. 21-CV-4493 (AMD) (RER), 2022 WL 5428688, at *4 (E.D.N.Y. Aug. 16, 2022) ("as there is no reason to believe individual defendants have received actual, fair notice of the Motion . . . the Court will not overlook Plaintiff's failure to comply with Local Rule 55.2 (c)"), *report and recommendation adopted*, 2022 WL 4094241 (Sept. 7, 2022); *Allstate Ins. Co.*, 2019 WL 1177854, at *4 ("confusion alone warrants denial of the motion"). This applies with respect to both individual and corporate defendants. *See J&J Sports Productions, Inc. v. Vergara*, No. 19-CV-2382 (FB) (VMS), 2020 WL 1034393, at *5 (E.D.N.Y. Feb. 6, 2020) (denying the default judgment motion in part for mailing motion papers to an address that was not confirmed to be an

11

individual defendant's last known residence), *report and recommendation adopted*, 2020 WL 1031756 (Mar. 3, 2020).

### IV. Conclusion

Accordingly, the Court respectfully recommends that Plaintiff's Motion for Default Judgment be denied without prejudice and with leave to renew, addressing the deficiencies discussed above, and in compliance with the Court's Local Rules.

A copy of this Report and Recommendation is being electronically served on counsel. This Court directs Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to the following address on the docket and to file proof of service on ECF by February 1, 2024.

Copies shall be served at the following addresses:

Tammys Nail Utopia LLC
3324 Church Avenue
Brooklyn, NY 11203

Plaintiff shall also serve a copy of this Report and Recommendation by overnight mail and first-class mail to the last known residence of Defendant Ollivierre. Plaintiff shall file proof of service on ECF by February 1, 2024.

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Irizarry. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010);

*Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   Brooklyn, New York
         January 30, 2024

                                             /s/ *Joseph A. Marutollo*
                                             JOSEPH A. MARUTOLLO
                                             United States Magistrate Judge